IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOHN HENRY DEAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 108-092 |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The above-captioned social security case is now before the Court on Defendant's motion to dismiss Plaintiff's complaint. (Doc. no. 6). Defendant argues that this action should be dismissed for lack of subject matter jurisdiction, contending that each of Plaintiff's claims are due to be dismissed either for failure to exhaust available administrative remedies or for untimeliness. (Id. at 1-3). After prompting from the Court, Plaintiff filed a response (doc. no. 14), to which Defendant filed a reply (doc. no. 15). For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED**, that Plaintiff's complaint[1] be **DISMISSED** for lack of subject matter jurisdiction, and that this civil action be **CLOSED**.

---

[1] For purposes of deciding Defendant's motion to dismiss, the Court has considered both Plaintiff's complaint and amended complaint.

I.  **BACKGROUND**

Plaintiff, who is proceeding *pro se*, has provided the Court with very little information. According to Plaintiff, he served in the United States Air Force from March 12, 1970, until June 30, 1991, when he retired honorably. (Doc. no. 10, Ex. A). Plaintiff also offers the conclusory statements that: 1) his "social security benefits should be recognized as available considering [he] put into it for 21 years of military service"; 2) he has "been battling [his] mental disorder for years prior to [his] 100 percent rating that was granted by [the] Department Of Veterans Affairs on February 24, 2003"; and, 3) Defendant's statement that a person with Plaintiff's limitations could perform presumably some jobs is incorrect because he has been considered unemployable and permanently disabled with a 100 percent disability rating by the Department of Veterans Affairs on February 24, 2003. (Id.). Plaintiff offers the Court virtually no additional information regarding his claims, forcing the Court to rely upon information provided by Defendant to further characterize Plaintiff's claims.

Defendant explains that on November 7, 2001, Plaintiff filed an application for Title II (Disability Insurance Benefits ("DIB")) in which he alleged disability as of January 4, 1994. (Doc. no. 6, p. 2, Herbst Decl., Ex. 1). Plaintiff's claim was denied initially and on reconsideration. (Id.). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Id.). The ALJ issued a decision on July 21, 2003, finding Plaintiff was not disabled as of the date his disability insured status expired, September 30, 1997. Thereafter, Plaintiff filed a request for review of the ALJ's decision, that was denied by the Appeals Council ("AC") on September 14, 2004. (Id. at 3). Plaintiff, did not appeal the AC's

decision. (Id.). When the AC denied Plaintiff's request for review, the Commissioner's decision was "final" for the purpose of judicial review under 42 U.S.C. § 405(g).[2]

Plaintiff again applied for a period of disability and disability insurance benefits under Title II of the Social Security Act on September 21, 2006, alleging that he became disabled on January 4, 1994. (Id. at 2). The Social Security Administration denied Plaintiff's claim initially and on reconsideration, and Plaintiff requested a hearing before an ALJ. (Id.). On November 27, 2007, the ALJ dismissed Plaintiff's request for a hearing, and noted that Plaintiff had filed a previous application for Title II benefits in which he alleged disability as of January 4, 1994. (Id.). Therefore, in light of Plaintiff's previous claim, the ALJ dismissed Plaintiff's September 2006 claim based on the doctrine of res judicata.[3] (Id. at 3). On April 16, 2008, the AC denied Plaintiff's request for review of the ALJ's decision. (Id. at 3-4).

On June 19, 2008, Plaintiff filed a statement of claim in the Magistrate's Court of Richmond County, Georgia. On July 9, 2008, Defendant removed Plaintiff's claim to this

---

[2]The administrative procedure for the review of DIB applications is a four-step process governed by federal regulations. See 20 C.F.R. § 404.900(a). First, the claimant submits his application and receives an initial determination. 20 C.F.R. § 404.902. If dissatisfied, the claimant may request reconsideration. 20 C.F.R. § 404.907. If still dissatisfied, the claimant may seek a hearing before an Administrative Law Judge ("ALJ"). 20 C.F.R. § 404.929. The decision of the ALJ may be appealed to an AC. 20 C.F.R. §§ 404.967 & 404.981. Once the claimant's request has been denied by the AC, the claimant may then seek judicial review of his claim in federal court. 20 C.F.R. §§ 404.981 & 422.210.

[3]The ALJ found that the same facts and issues were involved in Plaintiff's September 2006 application and his November 2001 application. (Doc. no. 6, p. 3). The ALJ compared the evidence and found that Plaintiff had submitted no new and material evidence. (Id.). He also noted that there had been no change in statute, regulation, ruling, or legal precedent concerning the facts and issues ruled upon in the prior ALJ's decision. (Id.).

Court. Defendant now contends that Plaintiff's complaint should be dismissed because this Court lacks subject matter jurisdiction over any of Plaintiff's possible claims.

## II. DISCUSSION

Simply put, Defendant contends that Plaintiff failed to make a short and plain statement of his claim, and that this Court lacks subject matter jurisdiction over any of Plaintiff's possible claims because: 1) Plaintiff does not have a right to pursue judicial review as to his September 2006 application because he did not receive a "final decision" from Defendant that would be subject to judicial review; and 2) Plaintiff's July 2003 applications for DIB had lapsed at the time the instant action was commenced. The Court will first address whether it has jurisdiction over Plaintiff's claims. (Doc. no. 6, pp. 5-8; doc. no. 15, pp. 1-4).

To begin, the Court notes that, as a general rule, 42 U.S.C. § 405(g) is the sole jurisdictional basis for judicial review in Social Security matters.[4] See 42 U.S.C. § 405(h);[5]

---

[4] Courts have explained that subject matter jurisdiction exists apart from § 405(g) in certain contexts, albeit rarely. For example, in some conceivable cases, a district court may have "limited jurisdiction under the federal mandamus statute, 28 U.S.C. § 1361 . . . 'for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.'" Cordoba v. Massanari, 256 F.3d 1044, 1047 (10th Cir. 2001)(quoting Heckler v. Ringer, 466 U.S. 602, 616 (1984)). Federal question jurisdiction may also exist apart from § 405(g) over certain "colorable constitutional claims." Califano v. Sanders, 430 U.S. 99, 109 (1977)("[W]hen constitutional questions are at issue, the availability of judicial review is presumed." Id. (citations omitted)). However, as Plaintiff has not offered the Court any basis upon which to conclude that this case presents a colorable constitutional claim, and his complaint likewise offers no basis upon which to grant mandamus relief, the Court need not consider such esoteric grounds for jurisdiction in this case.

[5] Section 405(h) provides:

The findings and decision of Defendant of Social Security after a hearing

4

Weinberger v. Salfi, 422 U.S. 749, 757-62 (1975) (explaining that § 405(h) bars federal district courts from hearing Social Security claims where jurisdiction is allegedly based upon general federal question jurisdiction); see also Califano v. Sander, 430 U.S. 99, 105-07 (1977) (holding that Administrative Procedure Act does not provide the district courts with an independent source of subject matter jurisdiction over Social Security claims). Section 405(g), in pertinent part, provides:

> Any individual, after any final decision of Defendant of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as Defendant of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g).

Thus, § 405(g) provides the following prerequisites for judicial review: 1) a final decision made by Defendant after a hearing, 2) the commencement of a civil action within sixty (60) days of the mailing of notice of Defendant's decision, and 3) the filing of the action in an appropriate district court. Weinberger, 422 U.S. at 763. The third requirement relates to venue and is not at issue in this case. However, Defendant

---

> shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of Defendant of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, Defendant of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

avers that Plaintiff's complaint should be dismissed because he has not met the first two requirements as to his possible claims. The Court agrees.

A. **Administrative Exhaustion**

First, the district courts only have jurisdiction to review a "final decision" of Defendant. Weinberger, 422 U.S. at 767 ("[A] 'final decision' is a statutorily specified jurisdictional prerequisite." Id.). Moreover, this requirement is "more than simply a codification of the judicially developed doctrine of exhaustion, and may not be dispensed with merely by a judicial conclusion of futility." Id. Thus, any claims that have not been properly exhausted through the administrative process are not properly before the Court, and the Court must determine whether Defendant has rendered a "final decision" as to any of Plaintiff's claims.[6]

The meaning of the phrase "final decision" is not defined by the statute; instead, the meaning is left to Defendant to "flesh out by regulation." Weinberger, 422 U.S. at 767. As described *supra*, federal regulations outline a four-step process as a prerequisite for judicial review; the failure to pursue administrative remedies, including administrative appeal rights, renders the administrative decision binding upon the claimant. See 20 C.F.R. §§ 404.905, 4040.921, 404.955, 404.981; see also discussion at footnote 2, *supra*. Only after

---

[6]Although a claimant's failure to exhaust available administrative remedies may be excused in "certain special cases" or else waived by Defendant himself, Plaintiff offers nothing to show that this is such a "special case," and Defendant has not waived the exhaustion requirement. See Ringer, 466 U.S. at 618 (explaining in Medicaid context that § 405(g)'s exhaustion requirement may be waived or else excused by the Court in special cases). Thus, the exhaustion requirement of § 405(g) applies with full force in the instant case as a jurisdictional prerequisite.

6

requesting a hearing from an ALJ, appealing any adverse decision of the ALJ to an AC, and receiving notice of the AC's subsequent decision has the claimant obtained a "final decision" subject to judicial review. 20 C.F.R. §§ 404.922 & 422.210.

Addressing the issue of res judicata, the Eleventh Circuit found that "[t]he Social Security Administration's regulations provide that Defendant may dismiss a hearing request and decline to issue a "final decision" if the doctrine of res judicata applies [and] Defendant has made a previous decision about the claimant's rights on the same facts and the same issues, and this previous determination has become final. Cash v. Barnhart, 327 F.3d 1252, 1255 (11th Cir. 2003) (citing 20 C.F.R. § 404.957(c)(1)). Furthermore, "[a]s a general matter, district courts do not have jurisdiction over Defendant's refusal to reopen a claim, since such a refusal is not a 'final decision' within the meaning of § 405(g)." Id. at 1256.

As Plaintiff's September 2006 claims were dismissed based on the doctrine of res judicata, a "final decision" has not been entered on Plaintiff's claims and this Court does not have jurisdiction over Plaintiff's claims. To the extent Plaintiff seeks review of his November 2001 claims, these claims were denied at each level of administrative review--including an appeal before the AC--and thus were administratively exhausted. Nevertheless, the Court finds that these claims are also due to be dismissed because they are time-barred.

### B.     Untimeliness

As previously noted, once the claimant obtains a final decision from Defendant, he has sixty (60) days from the mailing of notice of that decision to bring an action in federal court. 42 U.S.C. § 405(g); see also C.F.R. §§ 404.981, 422.210. Plaintiff's administratively

exhausted claims–brought in November 2001–were denied by the AC on September 14, 2004. (Doc. no. 6, Herbst Decl., Ex. 1). Nevertheless, Plaintiff did not file the instant suit until June 19, 2008– almost four years after the denial by the AC. Plaintiff's exhausted claims are clearly untimely.

The requirement of filing a complaint within sixty (60) days is "not jurisdictional, but rather constitutes a period of limitations." Bowen v. City of New York, 476 U.S. 467, 478 (1986)(citations omitted). Nevertheless, because "the sixty-day limit is a statute of limitations, it is a condition on the waiver of sovereign immunity and thus must be strictly construed." Id. at 479. As Plaintiff has offered no basis upon which the statutory period may be equitably tolled, the Court concludes that his remaining claims are indeed time-barred. See id.

Moreover, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." Lehman v. Nakshian, 453 U.S. 156, 160 (1981)(internal quotations and citations omitted). As the sixty-day limit is a condition on the waiver of sovereign immunity, Plaintiff's failure to file a timely complaint as to his claims deprives this Court of jurisdiction to hear his case. In sum, the Court lacks jurisdiction to entertain any of Plaintiff's possible claims, as each of them are either unexhausted or time-barred.

### III. CONCLUSION

For the reason set forth above, the Court **REPORTS** and **RECOMMENDS** that

Defendant's motion to dismiss be **GRANTED**, that Plaintiff's complaint be **DISMISSED** for lack of subject matter jurisdiction, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 11th day of May, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE